IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ALFRED ALVAREZ,

    Plaintiff,

vs.                                        Case No. 4:14cv410-MW/CAS

MICHAEL D. CREWS, et al.,

    Defendants.

_____/


## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se and in forma pauperis, has filed a second amended civil rights complaint [hereinafter "complaint"] under 42 U.S.C. § 1983.  Doc. 20.  Plaintiff's complaint has been reviewed as is required by 28 U.S.C. § 1915A.

    Primarily, Plaintiff complains that prison officials at Wakulla Correctional Institution initially approved Plaintiff's request for an Interstate Compact Transfer due to concerns over Plaintiff's safety in 2011.  Doc. 20 at 7.  However, the request was ultimately denied in May 2011 by officials at the Department of Corrections' Interstate Compact Bureau on the basis that the Department had not exhausted all options to resolve Plaintiff's protection needs.  *Id.* at 7-8.  Plaintiff submitted multiple grievances and appeals concerning this issue, none of which have been satisfactory to Plaintiff.  *Id.*

Plaintiff alleges that he has been labeled an informant and snitch and previously was threatened by other inmates. *Id.* at 8. Plaintiff advises that he was formerly a DEA informant and has valid safety concerns. *Id.* He contends that denying his request to be transferred outside the State of Florida puts his safety at risk. *Id.* at 8-9.

Plaintiff also alleges that in June of 2012, he was written a retaliatory disciplinary report. *Id.* at 10. Plaintiff was found guilty of the report and sentenced to 30 days in confinement. *Id.*

In August of 2012, Plaintiff was placed in close management on the basis that Plaintiff posed a threat to the security and safety of staff, inmates, and the facility. *Id.* at 10. Plaintiff again contends that his placement was due to retaliation. *Id.* at 10-11. He also claims that his placement on close management puts him at "additional risks of serious harm. . . ." *Id.* at 13. To support his claim that he is at risk of harm, he alleges that twice prison officials housed him with "non" protective management inmates. *Id.* at 13-14. Plaintiff does not, however, allege that he was harmed as a result.

Plaintiff also alleged that he experienced problems receiving his legal work in the mail after being transferred to another institution. Plaintiff does not identify any person responsible for the delay in receiving his mail, but contends as a result, he was time barred from filing an appeal. *Id.* at 15. Plaintiff's grievance concerning that issue was denied, which Plaintiff contends is evidence of retaliation. *Id.* at 15-16.

Plaintiff alleges he is housed in "an unsafe and hostile environment" and has been discriminated against because he has not been approved for an Interstate Compact transfer even though other persons who were labeled snitches were approved

for transfers. *Id.* at 16. Plaintiff has not alleged a basis for the discrimination and this claim is insufficient on its face.

Plaintiff's allegations reveal that his request for a transfer was denied, but Plaintiff has not provided any factual allegations against any particular Defendant which show that a Defendant was aware of a serious risk of harm to Plaintiff and ignored that risk, refusing to provide protection for Plaintiff. Plaintiff has a constitutional right to be protected from violence from other inmates, but prison officials have discretion in how they provide that protection. *See* Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994).

To prevail on an Eighth Amendment failure-to-protect claim, an inmate must make two showings. First, he must demonstrate that he is "incarcerated under conditions posing a substantial risk[1] of serious harm." Farmer, 511 U.S. at 834, 114 S. Ct. at 1977 (citing Helling v. McKinney, 509 U.S. 25, 35, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993)). Second, he must show that the defendant prison official had a "culpable state of mind" (be deliberately indifferent) in that he knew of and disregarded "an excessive risk to inmate health or safety." 511 U.S. at 834, 837, 114 S. Ct. at 1977, 1979. In other words, the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837, 114 S. Ct. at 1979. The "deliberate indifference" standard "entails something more than mere negligence," but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that

---

[1] The Court did not address the question of "[a]t what point a risk of inmate assault becomes sufficiently substantial for Eighth Amendment purposes." 511 U.S. at 834, n.3, 114 S. Ct. at 1977, n.3.

harm will result." *Id.* at 835, 114 S. Ct. at 1978. It is not enough that Plaintiff's request for an Interstate Compact transfer was denied. Plaintiff must show that the named Defendants are disregarding an "excessive risk" to his safety. Plaintiff's safety has been adequately protected by placement in protective management over the past three years.[2] Because Plaintiff has not presented facts that any named Defendant was deliberately indifferent to Plaintiff's safety in violation of the Eighth Amendment, this claim should be dismissed.

Plaintiff does not have a constitutional right to a prison transfer. <u>Meachum v. Fano</u>, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); <u>Montayne v. Haymes</u>, 427 U.S. 236, 96 S. Ct. 2543, 49 L. Ed. 2d 466 (1976). Any claim based on the failure to transfer him should also be dismissed.

Plaintiff's claim for discrimination is insufficient because Plaintiff does not allege that any identifiable group of prisoners was treated differently. Plaintiff has not alleged that he was treated differently because of his race, ethnicity, religion, or other identifiable group. This claim is insufficient on its face.

Plaintiff also contends that he has suffered retaliation from Defendants because he filed grievances and requested transfers. However, Plaintiff has not provided any facts which suggest that adverse action was taken against him because of those grievances or transfer requests.

It is well established that a prisoner's constitutional rights are violated if adverse action is taken against him in retaliation for the exercise of his First Amendment rights.

---

[2] Plaintiff's allegations reveal that he first filed a request for an Interstate Compact Transfer on March 6, 2011. Doc. 20 at 7.

Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003); Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The prisoner must, however, come forward with more than "general attacks" upon a defendant's motivations and must produce "affirmative evidence" of retaliation from which a jury could find that plaintiff had carried his burden of proving the requisite motive. Crawford-El v. Britton, 523 U.S. 574, 600, 118 S.Ct. 1584, 1598, 140 L.Ed.2d 759 (1998) (citations omitted). While mindful that a prisoner plaintiff will not be held to a heightened burden of proof, claims of retaliation must be approached "with skepticism and particular care" due to the "near inevitability" that prisoners will take exception with the decisions of prison officials and "the ease with which claims of retaliation may be fabricated." Dawes v. Walker, 239 F.3d 489, 491 (2d Cir. 2001), impliedly overruled in part on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Here, Plaintiff provides no facts which indicate Defendants actions were due to retaliation, or that a disciplinary report issued to Plaintiff nearly seven months after Plaintiff exhausted administrative remedies on his grievances concerning the denial of his transfer request, was causally connected to those grievances.[3]

Moreover, because Plaintiff was found guilty of the disciplinary report and served 30 days in confinement, his claim is foreclosed. O'Bryant v. Finch, 637 F.3d 1207, 1215-16 (11th Cir. 2011). In O'Bryant, the Eleventh Circuit held that "[i]f a prisoner is found guilty of an actual disciplinary infraction after being afforded due process and there was evidence to support the disciplinary panel's fact finding, the prisoner cannot

---

[3] Plaintiff's appeal was denied on December 2, 2011, and Plaintiff was issued a disciplinary report on June 12, 2012. Doc. 20 at 10.

later state a retaliation claim against the prison employee who reported the infraction in a disciplinary report." *Id.* at 1215.  The court noted that "[w]hether an inmate actually committed the charged infraction or whether the disciplinary report falsely accuses the inmate are questions of fact that are decided by the disciplinary panel." *Id.*  To find that the prisoner did not commit the conduct charged "would render the prison disciplinary system impotent by inviting prisoners to petition the courts for a full retrial each time they are found guilty of an actual disciplinary infraction after having filed a grievance." *Id.* at 1215-16.  Thus, because Plaintiff was found guilty of the disciplinary charge, his retaliation claim is insufficient.

Plaintiff's claim for not timely providing Plaintiff with his legal work is insufficient. Plaintiff provides no factual allegations which indicate that any named Defendant was responsible for the delay in mailing his legal materials.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 20, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 3, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**