IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALFRED ALVAREZ,

    Plaintiff,

vs.	Case No. 4:14cv410-MW/CAS

DOUG CRAVEN
and J. SCHWEINSBERG,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

A motion to partially dismiss the pro se Plaintiff's fifth amended complaint was filed on May 23, 2017, by Defendants Schweinsberg and Craven, ECF No. 100, who are sued in their individual capacities only. *See* ECF Nos. 102, 104. Plaintiff was advised of his obligation to file a response in opposition to the motion. ECF No. 104. Plaintiff has responded, ECF No. 107, and the motion to dismiss, ECF No. 100, is ready for review.

Defendants first raise Eleventh Amendment immunity as a defense "to the extent Defendants are being sued in their official capacity for

damages." ECF No. 100 at 2-3. Plaintiff reiterates that Defendants are sued in their individual capacities. ECF No. 107 at 1. Thus, the motion to dismiss official capacity claims for monetary damages should be denied.

Defendants also seek dismissal of Plaintiff's request for future injunctive relief. *Id.* at 3-4. Defendants contend that because they are correctional officers and the Department of Corrections is not a named Defendant in this case, Plaintiff's request to have his inmate record expunged cannot be granted. *Id.* Defendants assert they "cannot provide the injunctive relief which Plaintiff requests[1] and Plaintiff's [request for] injunctive relief must be dismissed." *Id.* at 4. Plaintiff argues that Defendants Craven and Schweinsberg "are in the position" to recommend expungement of Plaintiff's "CM record," if they even lack the authority to do so. ECF No. 107 at 3-4.

As for Defendants' argument that Plaintiff's request to have his record expunged, Defendants assert that because the Department of Corrections is not a named Defendant in this case, Plaintiff's "requested injunctive relief

---

[1] Plaintiff's requests for relief include a declaratory judgment that his close management [CM] placement was the result of unconstitutional retaliation, an "order requiring the DOC to expunge the inmate record of the Plaintiff of notations reflecting CM referral and/or placement," nominal and punitive damages, and an order requiring Defendants to pay "Plaintiff an amount equal to filing fees and costs, all expenses," and the like. ECF No. 72 at 11-12.

should be dismissed as it is improper." ECF No. 100 at 3.  In support of that argument, Defendants cite to Jackson v. Crews, No. 3:13cv174-MCR/CJK, 2013 WL 3339917 (N.D. Fla. July 2, 2013).  Presumably, the citation to that case is based on the court's statement that relief sought in a motion for a temporary injunction must be related to the conduct complained of in the complaint, and must be from persons who are "parties to the underlying action."  Jackson, 2013 WL 3339917, at *2 (citing to in re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs., 72 F.3d 842, 842-43 (11th Cir. 1995)).  However, in denying the prisoner's motion for a temporary preliminary injunction, the court did not address the issue of whether individual correctional officers have the ability or authority to expunge a prisoner's disciplinary record if it was found that the discipline was retaliation.  Rather, the prisoner's motion was unrelated to the underlying facts of that case and sought protection from the court by placing the prisoner "in the custody of the" U.S. Marshals Service.  2013 WL 3339917, at *1.

Without explanation, Defendants contend that they "cannot afford Plaintiff with the injunctive relief which he requests."  ECF No. 100 at 4.  Defendants state that they are "corrections officers and member of the Internal Classification Team at Wakulla Correction [Institution] and have no

authority to expunge any records from Plaintiff's inmate file." ECF No. 100 at 5. Plaintiff, however, asserts that they are in a "position and have the authority to expunge Plaintiff's CM records." ECF No. 107 at 2-4.

It is true Plaintiff requested that the Department of Corrections expunge his record. It is also true that the Department is not a named Defendant. Yet, the individual Defendants have not demonstrated that, as members of the Internal Classification Team at Wakulla Correctional Institution,[2] they lack authority to expunge a prisoner's disciplinary record, if it were determined that the discipline was unlawful. The motion to dismiss should be denied without prejudice as to this argument. The issue of whether or not Plaintiff is entitled to such injunctive relief may be raised at the summary judgment stage of litigation with supporting evidence.

Defendants also seek dismissal of Plaintiff's request for punitive damages. ECF No. 100 at 4 (quoting 42 U.S.C. § 1997e(e)). Because no physical injury to Plaintiff is evident as a result of Plaintiff's alleged First Amendment violations, even if successful on these claims, Plaintiff's request for monetary damages, specifically including punitive damages, must necessarily be limited to nominal damages as required by § 1997e(e).

---

[2] Defendants' argument is not based on the fact that they are not located with the Plaintiff. At any rate, Plaintiff has recently been returned to Wakulla Correctional Institution and is currently housed there with the Defendants. See ECF No. 109.

Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[3], *reinstating in part* 190 F.3d 1279 (11th Cir. 1999); Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011). "While § 1997e(e) bars suits by prisoners who have not alleged a physical injury from seeking compensatory or punitive damages, it does not preclude a prisoner from seeking only nominal damages." Whitfield v. Thompson, 165 F. Supp. 3d 1227, 1236 (S.D. Fla. 2016). Nominal damages are appropriately awarded "if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003) (citing Carey v. Piphus, 435 U.S. 247, 255, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978)).

**Recommendation**

It is respectfully **RECOMMENDED** that the motion to partially dismiss Plaintiff's fifth amended complaint, ECF No. 100, be **GRANTED** in part and **DENIED** in part. The motion should be **GRANTED** as to Plaintiff's request for punitive damages and that request for relief should be **DISMISSED**, but otherwise, the motion should be **DENIED** and Defendants required to file

---

[3] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001). The parts of the panel opinion relevant to this legal issue were reinstated.

an answer to Plaintiff's fifth amended complaint, ECF No. 72, within fourteen days of the date an Order is entered ruling on this Report and Recommendation.  Finally, it is recommended that this case be **REMANDED** to the undersigned for further proceedings.

    **IN CHAMBERS** at Tallahassee, Florida, on January 22, 2018.

      S/     Charles A. Stampelos
    **CHARLES A. STAMPELOS**
    **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**